IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAOUD BOONE, # 276751, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>LEON BOLLING, *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 2:16cv574-MHT<br>[WO] |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Daoud Boone on July 15, 2016. Doc. 1. Boone challenges his 2009 conviction for unlawful possession of a controlled substance and his resulting sentence of 18 months in prison. For the reasons that follow, it is the recommendation of the Magistrate Judge that Boone's petition be dismissed because this court lacks jurisdiction.

## **I. BACKGROUND**

Boone was originally tried in the Circuit Court of Montgomery County in September 2009 on charges of capital murder and unlawful possession of a controlled substance. In the September 2009 trial, Boone was found guilty of unlawful possession of a controlled substance, but a mistrial was granted on the capital murder charge. A new trial on the capital murder charge was held in November 2010, the results of which are not

the subject of Boone's instant petition.[1]

The jury returned its verdict finding Boone guilty of unlawful possession of a controlled substance on September 11, 2009. On November 3, 2009, the trial court sentenced Boone to 18 months in prison. Doc. 7-15 at 7. At the sentencing hearing, the trial court noted that Boone had been in jail awaiting trial for 23 months and that he was entitled to jail credit against the sentence it was imposing. Doc. 7-15 at 7. The sentence contained no term of probation.

Boone appealed. His appellate counsel filed a "no merit" brief and motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Doc. 7-12. On September 4, 2010, the Alabama Court of Criminal Appeals affirmed Boone's conviction in an unpublished memorandum opinion. Doc. 7-13.

In March 2011, Boone filed a post-conviction Rule 32 petition in the trial court, which the trial court denied. *See* Docs. 7-1 at 15 & 7-2 at 58–60. Boone appealed, and on March 11, 2016, the Alabama Court of Criminal Appeals affirmed the trial court's denial of his Rule 32 petition. Doc. 7-7. Boone's application for rehearing was overruled, and his subsequent petition for writ of certiorari was denied by the Alabama Supreme Court. Docs. 7-9 & 7-10. A certificate of judgment issued on July 8, 2016. Doc. 7-11.

Boone filed this § 2254 petition challenging his controlled substance conviction and

---

[1] On November 23, 2010, in Boone's retrial on the capital murder charge, the jury returned a verdict finding Boone guilty of capital murder. On that same date, the trial court sentenced Boone to life in prison without the possibility of parole. Boone currently has a 28 U.S.C. § 2254 habeas petition pending in this court challenging his capital murder conviction and sentence of life without parole. *See Boone v. Price*, Civil Action No. 2:15-cv-00556-MHT-GMB.

resulting sentence on July 15, 2016. Doc. 1.[2]

## II.  DISCUSSION

Federal district courts have jurisdiction to entertain § 2254 habeas petitions only from petitioners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* 18 U.S.C. § 2241(c)(3); *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000).  The Supreme Court has stated that § 2254's "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).  A defendant who is no longer serving a sentence imposed upon his conviction cannot bring a federal habeas petition directed solely at that conviction. *Lackawanna Cnty. Dist. Atty. v. Coss*, 532 U.S. 394, 401 (2001).

As indicated above, Boone was sentenced to 18 months in prison for his controlled substance conviction on November 3, 2009. Doc. 7-15 at 7.  No term of probation was imposed on that sentence, and the trial court noted that Boone was entitled to jail credit against the sentence it was imposing. Doc. 7-15 at 7.  An Alabama Department of Corrections ("ADOC") inmate summary sheet submitted by the Respondents with their answer reflects that the ADOC considered Boone to have been sentenced to "time served" for his controlled substance conviction. Doc. 7-14 at 3.  The same inmate summary sheet and ADOC's website[3] both reflect that the only state-court judgment under which Boone is in custody is his sentence of life imprisonment without parole imposed in November

---

[2] Boone raises various claims of trial error and ineffective assistance of counsel.
[3] *See* http://www.doc.state.al.us/InmateSearch.

2010 upon his conviction for capital murder. Consequently, the 18-month sentence imposed for Boone's 2009 controlled substance conviction expired well before Boone filed the instant § 2254 petition on July 15, 2016. Therefore, Boone does not meet the "in custody" requirement for purposes of his challenge to his 2009 conviction and resulting sentence. *Maleng*, 490 U.S. at 490–91.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as this court lacks jurisdiction to consider Boone's claims for relief.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before **June 21, 2018.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on the 7th day of June, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE